UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| RICHARD JOHN REYNOLDS, IV | ) | CASE: A23-57114-JRS |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor has failed to serve the Chapter 13 plan on all parties and file a certificate of service a pursuant to General Order 41-2020.

2.

The Debtor's Chapter 13 plan fails to correctly complete the check boxes required by Sections 1.1, 1.2, 1.3 and 1.4. Any provisions in correlating Sections are ineffective and the Chapter 13 Trustee cannot administer the plan as filed. Additionally, failure to complete the correct check boxes may not provide proper service of the plan on affected parties.

3.

The Debtor has failed to make any plan payments to the Chapter 13 Trustee, thus indicating that this plan may be infeasible in violation of 11 U.S.C. Section 1325(a)(6).

4.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with 11 U.S.C. Section 1325(a)(4).

5.

The plan as proposed will extend to one-hundred and ten (110) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

6.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

7.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate that the tax return has not been filed for the period ending December 31, 2022. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

8.

The Debtor has failed to provide to the Trustee a copy of the 2022 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

9.

The Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors and was unable to provide sworn testimony as to the return as required by the United States Trustee. Therefore, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

10.

All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed in possible violation of 11 U.S.C. Section 1325(a)(3).  (17-52365)

11.

The Meeting of Creditors was conducted telephonically in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A fillable pdf version of the questionnaire can be found at: http://www.njwtrustee.com/wp-content/uploads/Debtor-Questionnaire1.pdf. If you are a pro se debtor, a questionnaire is found at: http://www.njwtrustee.com/wp-content/uploads/Debtor_Questionaire_ProSe.pdf

12.

The Trustee requests proof of the Debtor's current income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

13.

The Chapter 13 schedules fail to reflect the Debtor's income of $165,000.00 per year and quarterly bonuses and also fails to reflect non-filing spouse's nurse income of approximately $20,000.00 per year, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. Section 1325(b)(1)(B).

14.

The Chapter 13 budget reflects a monthly net income of only $4,375.00, thereby rendering the proposed Chapter 13 plan payment of $6,560.00 per month infeasible in violation of 11 U.S.C. Section 1325(a)(6).

15.

The funding of post-petition mortgage installments of $4,200.00 per month have not been maintained in the above-styled Chapter 13 case, thereby rendering the proposed plan infeasible in violation of 11 U.S.C. Section 1325(a)(6).

16.

Schedule A fails to correctly reference the ownership interest of real estate which is the subject of this Chapter 13 estate.

17.

Questions #4 and #8 of Debtor's Statement of Financial Affairs are incomplete in violation of 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1).

18.

The plan fails to treat the secured claim of Internal Revenue Service and provide interest as required under applicable non-bankruptcy law, in violation of 11 U.S.C. Section 1322(a)(3), 11 U.S.C. Section 502(a) and/or 11 U.S.C. Section 511(a).

19.

The Chapter 13 plan filed by the Debtor is incomplete and does not provide for treatment of any secured or priority claims. Specifically, the plan fails to provide for the claims of Wilmington Trust, Jones & Walden and Internal Revenue Service. 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 9th day of November, 2023.

Respectfully submitted,

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350

## CERTIFICATE OF SERVICE

Case No: A23-57114-JRS

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

RICHARD JOHN REYNOLDS, IV
380 WHITMORE DRIVE NW
ATLANTA, GA  30305

This the 9th day of November, 2023.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201